**UNITED STATES of America, Plaintiff,**

v.

**Otto PRESLEY, Defendant.**

**No. 87–00073–01–CR–W–6.**

United States District Court,
W.D. Missouri, W.D.

Aug. 20, 1987.

Preston Dean, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

James E. Brown, Asst. Federal Public Defender, Kansas City, Mo., for defendant.

**MEMORANDUM AND ORDER**

SACHS, District Judge.

Defendant moves to dismiss this "gun control" indictment, charging him with possession of a firearm subsequent to his Missouri felony conviction for an assault in 1981. The alleged possession was on January 13, 1987, after the effective date of liberalizing legislation permitting such possession by a convicted person who has had his "civil rights restored." 18 U.S.C. § 921(a)(20)(B). *See United States v. Holley*, 818 F.2d 351 (5th Cir.1987), discussing the amendment and holding it has no retroactive effect on otherwise unlawful possession of firearms prior to November 14, 1986.

Defendant was released to parole supervision in Missouri on October 29, 1982, and successfully completed such supervision on February 7, 1986. Under Missouri law enacted in 1977, defendant's conviction does not cause him to "suffer any legal disqualification or disability," with several exceptions discussed hereinafter. Section 561.016, RSMo. A Missouri court has recently stated that the effect of the statute is to abrogate older principles under which there was a general suspension of a convict's "civil rights." *In the Estate of Foxworth*, 732 S.W.2d 931 (Mo.App.S.D. 1987). The only total disability specified in

the 1977 law and effective after completion of parole supervision is ineligibility to serve as a juror. Section 561.026(3), RSMo. The Government contends, however, that defendant is also ineligible for service as a sheriff (§ 57.010, RSMo) or in the State Highway Patrol (§ 43.060, RSMo) or in liquor control law enforcement (§ 311.620, RSMo). It seems probable that the last of these statutes has been repealed by implication but the first two were enacted or reenacted after the attempt to enact comprehensive legislation in 1977.

■ It is arguable that the continuing restriction on jury service and several kinds of law enforcement services are de minimis for present purposes and not alone adequate to a ruling that a convict's civil rights have not been "restored." Congress doubtless meant a general, substantially complete restoration of civil rights rather than absolutely total restoration of such rights.[1]

While jury service is of course a highly valued right and civic duty, it would be my view that a blanket disqualification of convicted persons from such service would probably not alone be treated as a sufficient deprivation of civil rights so that the firearms prohibition would be effective. Similar legislation might be applied, for example, to all lawyers or elderly persons without treating the subjects of the legislation as lacking in civil rights, in the generalized sense used by Congress.

The absolute prohibition on service in certain law enforcement duties appears to be marginally more invidious, and thus presents a different situation, although it must be conceded that for most persons the prohibition would not substantially limit employment opportunities. While the question is a close one, I believe the combination of limitations is sufficient so that I cannot in good conscience say that Missouri has substantially preserved or restored the civil rights of released convicts, as contemplated by Congress.[2] Contrast the Minnesota statute, quoted in *United States v. Kelly*, 519 F.2d 794 (8th Cir.1975), where it is provided that discharge of a convict " 'shall restore him to all his civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place....' " *Ibid.* at 795 n. 3.

Defendant's motion to dismiss the indictment is therefore DENIED. SO ORDERED.

---

**1.** In Senate debate on June 24, 1985, Senator Hatch indicated that the new law was intended to overcome rulings forbidding possession of firearms by persons "who have had their *full* civil rights restored pursuant to state law." 131 Congressional Record S.8689 (emphasis added). The statute contains no such descriptive term, however, and I believe that certain minor restrictions could be treated as de minimis.

**2.** It is conceivable that argument could be made that the Missouri *preservation* of civil rights should not be treated as a *restoration* of such rights. This would have the bizarre result that a statutory wording more favorable to convicts should have a less favorable result in federal law. While I believe this to be an absurdity, I do agree that the practical effect of the "restoration" type statute should be the same as that of a "preservation" type statute.