**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clyde E. DICKERSON,**
**Defendant–Appellant.**

No. 87–3138.

United States Court of Appeals,
Seventh Circuit.

Argued May 20, 1988.

Decided Sept. 15, 1988.

Rehearing and Rehearing En Banc
Denied Oct. 26, 1988.

Renee E. Schooley, Fed. Pub. Defender, St. Louis, Mo., for defendant-appellant.

James L. Porter, Asst. U.S. Atty. (Frederick J. Hess, U.S. Atty.), East St. Louis, Ill., for plaintiff-appellee.

Before CUMMINGS and POSNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The appellant, Clyde E. Dickerson, was charged in a three-count indictment with interstate transportation of stolen property (18 U.S.C. § 2314), possession of an unregistered firearm (26 U.S.C. §§ 5861(d) and 5871), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). The appellant pleaded guilty to Count I, and was convicted on Counts II and III by a jury trial. He was sentenced to a five-year term of incarceration for Count I, and an eight-year term for Count II to run concurrently with the sentence on Count I. On Count III, the appellant was sentenced to a term of four years to run concurrently to the sentences imposed on Counts II and III, and an additional fifteen-year term pursuant to the enhancement provision of 18

U.S.C. § 924(e)(1)[1] to run consecutively to the sentences on Counts II and III. We note what may be an ambiguity between the sentences contained in the Commitment Order and the statements of the trial judge when he was imposing the sentences in open court.[2]

On appeal, the appellant contends that the district court violated the Double Jeopardy clause of the Fifth Amendment by imposing both a four-year sentence under § 922(g) and an additional fifteen-year term under § 924(e)(1). Dickerson also claims that the district court erred in applying the § 924(e)(1) sentencing enhancement provision to him. We conclude that while the trial judge could not impose two separate sentences on Count III, he remains free to impose the sentencing enhancement provision of § 924(e).

## I

■ In the district court, the Government filed a pre-trial Amended Information which charged the appellant with three previous offenses for burglary, thus subject-

ing him to the § 924(e)(1) enhancement provision. Section 924(e) applies to felons who have violated 18 U.S.C. § 922(g).[3] According to § 924(e)(1):

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

18 U.S.C. § 924(e)(1).

In its pre-trial Amended Information, the Government charged the appellant with three prior burglary convictions.[4] The appellant filed a pre-trial motion to dismiss the enhancement provision, claiming that burglary does not constitute a "violent felo-

1. The appellant is currently serving a five-year term of imprisonment on another charge. Sentencing Tr. at 27. According to his official Commitment Order, the appellant's five-year sentence for Count I is to run concurrently with the term he is presently serving. The sentences for Counts II and III, as well as the fifteen-year sentence, are to run consecutively to his present term. In addition, the defendant was fined $50.00 on each count. *See Judgment and Probation/Commitment Order,* AO–245 (dated December 18, 1987).

2. The Commitment Order states that the sentence in Count I will run concurrently with the fifteen-year enhancement sentence. However, from the trial judge's comments at the sentencing hearing, it would appear that at one point the trial judge intended the enhancement sentence to run consecutive to *all three* counts. During the December 18, 1987, sentencing hearing, the trial judge stated: "The sentence [sic] in Counts II and III will be concurrent with each other but *consecutive* to the sentence in Count I and to any previous sentences he is now serving. The enhanced 15 years is consecutive to the sentences in *all other counts.*" Sentencing Tr. at 21 (emphasis added). During the sentencing hearing, the appellant expressed some confusion about the sentences imposed. In response to the appellant's confusion, the trial judge sought to reiterate the sentences he im-

posed, but in doing so, he spontaneously amended the sentence in Count I to run *concurrently* with Counts II and III. Sentencing Tr. at 26–27.

3. 18 U.S.C. § 922(g) states:

   It shall be unlawful for any person—
   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   (2) who is a fugitive from justice;
   (3) is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)); ...
   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

4. The defendant was convicted of burglary on August 12, 1982, on January 7, 1976, and on January 20, 1976. In all of these incidents, neither Dickerson nor his compatriots in crime were armed. All the burglaries were of vacant residences. We note that the dates charged in the Amended Information and at the sentencing hearing, *see* Sentencing Tr. at 7 & 9, vary from the dates cited in the appellant's brief. In his brief, the appellant alleges that he was convicted on January 7 and January 20, 1986.

ny" which is subject to § 924(e). The district court denied the appellant's motion in a pre-trial conference. After the trial and prior to sentencing, the district court conducted a hearing which enabled the appellant to present evidence of the non-violent character of his prior burglary convictions. However, the district court found that the appellant's past convictions satisfied the requirements of § 924(e)(1). Sentencing Tr. at 20. The district court then proceeded to sentence the appellant to an additional, consecutive fifteen-year term of imprisonment for Count III, without vacating the original four-year term imposed on the same count.

## II

On appeal, the appellant contends that the district court violated the Double Jeopardy clause of the Fifth Amendment by subjecting him to multiple punishments for Count III. The Double Jeopardy clause provides three fundamental protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). *See also Whalen v. United States*, 445 U.S. 684, 688–89, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980) ("The Double Jeopardy Clause at the very least precludes federal courts from imposing consecutive sentences unless authorized by Congress to do so.").

It has been the long recognized domain of the legislature to determine the appropriate punishments to be meted out to those convicted under the criminal statutes. As the Supreme Court stated in *Whalen v. United States:*

The Fifth Amendment guarantee against double jeopardy embodies in this respect simply one aspect of the basic principle that within our federal constitutional framework the legislative power, including the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides wholly with the Congress.

445 U.S. at 689, 100 S.Ct. at 1436. *See also Gore v. United States*, 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958) ("Whatever views may be entertained regarding severity of punishment, ... these are peculiarly questions of legislative policy.").

Consequently, in analyzing the defendant's claim here, we must analyze the language of § 924[5] to determine the legislative intent. *See, e.g., Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971); *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 1294, 43 L.Ed.2d 616 (1975) (analyzing congressional intent to discern whether a substantive violation of a federal gambling statute should be considered merged with the conspiracy violation). As this Court has emphasized previously, "[w]here the language and intent of the statute is clear, courts are without the authority to engage in any creative rewriting of a provision." *Reed v. United States*, 743 F.2d 481, 484 (7th Cir.1984), *cert. denied*, 471 U.S. 1135, 105 S.Ct. 2673, 86 L.Ed.2d 692 (1985). *See also United States v. Mayo*, 721 F.2d 1084, 1093 (7th Cir.1983) (noting that judicial inquiry into legislative intent usually ends when the language of the statute is unambiguous).

The appellant contends that § 924 is an enhancement provision to assess punishment for violations of § 922(g). While we acknowledge that other circuits have con-

---

5. Sections 922 and 924 are based on the former statute 18 U.S.C.App. § 1202, which was repealed effective 180 days after May 19, 1986. The Armed Career Criminal Act of 1984 ("ACCA") was originally an amendment to the former firearm statute at 18 U.S.C.App. § 1202(a). H.R.REP. 1073, 98th Cong., 2d Sess. 4, *reprinted in* 1984 U.S. CODE CONG. & ADMIN.NEWS 3182, 3664. Effective November 15, 1986, § 1202(a) and its ACCA were incorporated into §§ 922 and 924. *See* 1986 U.S. CODE CONG. & ADMIN.NEWS 1327, 1328. As revised, 18 U.S.C. § 922(g) incorporates the first sentence from the former statute at 18 U.S.C.App. § 1202(a), while 18 U.S.C. § 924(e)(1) incorporates the ACCA provision. Firearms Owner's Protection Act, Pub.L. No. 99–308, §§ 102(6), 104(a)(4) (100 Stat. 452, 458) (1986).

strued § 924 to define a separate offense, see, e.g., United States v. Davis, 801 F.2d 754 (5th Cir.1986); United States v. Brewer, 841 F.2d 667 (6th Cir.1988), this Court has rejected such an interpretation of the statute. We have concluded that the language of § 924(e)(1) prescribes a specific punishment for recidivists. Instead of authorizing a separate punishment for a separate offense, we have determined that § 924(e)(1) is a sentencing enhancement provision for § 922(g). On its face, § 924 is entitled a "Penalties" provision. Section 924(e)(1) specifically applies to any "person who violates § 922(g)." Section 924 does not indicate that it is a separate offense, but explicitly appears to enhance § 922. In our recent decision in United States v. Pirovolos, 844 F.2d 415 (7th Cir.1988), we noted: "As revised, the statute [referring to both §§ 922 and 924] clearly makes possession of weapons by all convicted felons a single *offense*, with additional convictions relevant only for sentencing." *Id.* at 420 (emphasis added).

Our interpretation accords with other courts of appeal that have analyzed the antecedent statutes to §§ 922 and 924. The Third, Fourth, Eighth, Ninth, Tenth, and District of Columbia Circuits have all interpreted the Armed Career Criminal Act of 1984 ("ACCA"),[6] which has been incorporated into § 924(e), as a sentence enhancement provision. *See United States v. Hawkins*, 811 F.2d 210 (3d Cir.), cert. denied, — U.S. —, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Blannon*, 836 F.2d 843 (4th Cir.), cert. denied, — U.S. —, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); *United States v. Rush*, 840 F.2d 574 (8th Cir.) (*en banc*), cert. denied, — U.S. —, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988); *United States v. West*, 826 F.2d 909 (9th Cir.1987); *United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986), cert. denied, 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987); *United States v. Jackson*, 824 F.2d 21 (D.C.Cir.1987), cert. denied, — U.S. —, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988).

We note that the Fifth Circuit in *United States v. Davis* concluded that the ACCA created a new offense. 801 F.2d at 756. The Fifth Circuit supported its construction in Davis by noting that the "Sectional Analysis" of the House Report stated that the predecessor statute to § 922 (the former 18 U.S.C. App. § 1202(a)) was amended by "adding a new offense." That Court found further support for its interpretation because the relevant ACCA provision does not specifically require conviction under the predecessor statute to § 922, or prescribe procedures for a sentencing hearing.

We remain unpersuaded by the analysis in Davis. The legislative history of §§ 922 and 924 indicates that the ACCA was intended to serve as an enhancement provision. In the House Report accompanying the final version of the ACCA, it is clear that the Act was intended by Congress to give law enforcement officials another option in dealing with career criminals. The ACCA would enable such an option to be achieved "without permitting a radical expansion of Federal jurisdiction over common law crimes and without creating a need for a local veto over the exercise of Federal jurisdiction." H.R. REP. 1073, 98th Cong., 2d Sess. 5, *reprinted in* 1984 U.S.CODE CONG. & ADMIN.NEWS 3665. The House Report further provides:

> In "enhancing" this offense [§ 1202(a)—the predecessor statute to § 922(g) ] with H.R. 1627–type sanctions, if the defendant has been convicted three times of robbery or burglary, we are "*enhancing*" an existing Federal crime, which

**6.** The ACCA, which amended the former 18 U.S.C.App. § 1202(a), provided:

In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

The ACCA provision has now been incorporated into 18 U.S.C. § 924(e)(1).

would alleviate many of the problems associated with H.R. 1627 such as the issue of a local D.A. veto or the difficulties encountered by Federal courts in applying State robbery and burglary laws in Federal prosecutions.

*Id.* at 3665 (emphasis added).

The floor debates in Congress over the revised version of ACCA indicate that the Act was intended only to enhance the available penalties. Representative Hughes, who was one of the main sponsors of the Act in the House of Representatives, stated: "This bill would *enhance* the sanctions of 18 U.S.C.App. Section 1202(a) with a 15-year minimum sentence if the defendant has been convicted three times of felonies for robbery or burglary." 130 CONG. REC. H. 10550 (daily ed. Oct. 1, 1984) (emphasis added). In *Hawkins*, the Third Circuit quoted Senator Arlen Specter, who was a principal sponsor of the ACCA in the Senate, as stating that his proposed bill would not create a new federal crime, but merely provide tougher penalties for career criminals. *Id.* at 219 (citing Senator Specter's comments from 130 CONG.REC. S.S. 13080 (daily ed. Oct. 4, 1984)). *See also United States v. Jackson*, 824 F.2d at 24–26 (noting the inherently prejudicial nature of placing evidence of a defendant's three prior felony convictions before the jury in any ACCA proceeding); *United States v. West*, 826 F.2d at 911 (describing how the ACCA amended and enhanced the former § 1202(a) before § 1202(a) was changed to § 922(g) and § 924(e)); *United States v. Rush*, 840 F.2d at 574 (noting other remarks made during the floor debates which indicate that the ACCA was intended to be an enhancement provision).

By providing a means whereby a convicted criminal's past record becomes a factor in the sentencing process, Congress followed the modern penological philosophy that "the punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). To that end, Congress is well within its rights to direct stiffer punishments for convicted felons with a previous record for violent felonies.

Having concluded that Congress intended § 924 to be a sentence enhancing provision rather than a separate offense, we must ascertain whether the trial judge exceeded his authority when he sentenced the appellant to consecutive four-year and fifteen-year terms for Count III. "If a federal court exceeds its own authority by imposing multiple punishments not authorized by Congress, it violates not only the specific guarantee against double jeopardy, but also the constitutional principle of separation of powers in a manner that trenches particularly harshly on individual liberty." *Whalen*, 445 U.S. at 689, 100 S.Ct. at 1436. Clearly, a sentence which fails to comply with the statute which authorizes it is erroneous and may be set aside on appeal. *See Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947).

In the context of multiple sentences which have been imposed for a single offense, "the role of the constitutional guarantee [against Double Jeopardy] is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). *See also Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed. 2d 275 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984).

In the case before us, it is clear that the trial judge could only impose one sentence for the single offense at issue in Count III. Because he has issued two consecutive sentences, we must vacate his sentences based on Count III, and remand for resentencing consistent with § 924(e)(1).

### III

■ The appellant questions the applicability of § 924(e) to his case because his previous convictions for burglary allegedly do not satisfy the § 924 requirements. The Government introduced evidence of the appellant's three prior convictions for resi-

dential burglary, and one earlier conviction for robbery. Because the three prior burglaries were committed while the appellant was unarmed, the appellant contends that these convictions cannot qualify as "violent felonies" under § 924(e).

Dickerson contends that § 924(e) only applies to felonies which involve actual or potential injury to others. He claims that while Congress originally contemplated a broad definition of the term "burglary" under § 924(e), it amended § 924 to include only violent felonies. Because the term "burglary" encompasses a wide variety of non-violent crimes, such as theft of an unoccupied car or residence, the appellant argues that not all burglaries fall under the proscription of § 924. We reject such an interpretation. Section § 924(e)(2)(B) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year that—(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, *or* extortion ... that presents a serious potential risk of physical injury to another." (emphasis added). It is clear from the language of the statute that all burglaries satisfy the prerequisites of § 924. As the trial judge correctly noted, if Congress intended to include only crimes in which serious physical injury was involved, it would have worded the statute to say "burglary, arson, or extortion, *and* involves use of explosives or otherwise involves conduct that presents a serious risk of physical injury to another." Sentencing Tr. at 13.

Our analysis of the clear language of the statute indicates that the appellant does indeed come within the definition of § 924(e). Because all burglaries come within the proscriptions of § 924(e), we conclude that the appellant's three previous convictions for unarmed burglary satisfy the requirements of § 924(e). We must adhere to the clearly expressed intent of the legislature. *See, e.g., United States v. Mayo*, 721 F.2d at 1093. Thus, we conclude that the trial judge did not err in refusing to grant the appellant's motion to dismiss the sentencing enhancement information.

## IV

Because the appellant must be resentenced on Count III as previously indicated and because of the aforementioned ambiguity in the sentences, *see supra* n. 2, we will remand for resentencing on all counts. The district court's sentences are vacated, and this cause remanded for resentencing consistent with this opinion.

*REMANDED FOR RESENTENCING.*