**UNITED STATES of America, Appellee,**

v.

**Donald D. PAYTON, II, Appellant.**

**No. 88-1716.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1989.

Decided June 30, 1989.

Rehearing Denied Aug. 10, 1989.

Terry Wright, Des Moines, Iowa, for appellant.

Lester A. Paff, Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Donald D. Payton II appeals from his conviction under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon, and from the enhancement of his sentence under 18 U.S.C. § 924(e)(1). First, Payton argues that the district court[1] should have dismissed the indictment because the government established only that he had committed two prior felonies, rather than the three required by section 924(e)(1). Second, he contends that the district court erred in sentencing him under section 924(e)(1) because it improperly looked to police reports to establish the existence of three predicate felonies. Third, he maintains that the district court erred in failing to grant judicial immunity to a defense witness. Finally, Payton claims that the government presented insufficient evidence to establish that he possessed the firearm for which he was convicted. We affirm.

Payton was arrested after fleeing from a pickup truck that he had driven into the side of a house in Des Moines, Iowa. The police subsequently discovered a revolver on the floorboard of the truck, and Payton was charged with possession of a weapon by a convicted felon.[2] In a separate count, Payton was charged under the revised

---

1. The Honorable William C. Stuart, Senior District Judge for the Southern District of Iowa.

2. 18 U.S.C. § 922(g)(1) (Supp. V 1987) provides:
(g) It shall be unlawful for any person—
  (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; * * * to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Armed Career Criminal Act of 1984, which mandates fifteen years' imprisonment, without parole, for certain repeat offenders.[3] The indictment alleged that Payton had prior convictions for four crimes, which carry a maximum sentence exceeding one year: breaking and entering on September 10, 1971, burglary on March 3, 1980, terrorism on March 3, 1980, and burglary on April 14, 1980. At trial, the jury found Payton guilty of possessing a firearm and, through answers to special verdict forms, found him also to have been convicted of all four of the earlier crimes.

Payton now attacks his indictment as defective and his conviction and sentencing as founded upon insufficient evidence. The government concedes that Payton's indictment was drafted upon the assumption that 18 U.S.C. § 924(e)(1) constitutes a separate indictable offense, not simply a sentencing enhancement provision. Under this view, the government was required to prove to the jury both that Payton had committed the underlying offense of possessing a firearm and that he had been convicted of three earlier felonies. After the grand jury returned Payton's indictment, however, this court decided *United States v. Rush*, 840 F.2d 574 (8th Cir.) (en banc), *cert. denied,* — U.S. —, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988), where we held for the first time that section 924(e)(1) is an enhancement provision, with prior convictions relevant only for sentencing.[4]

Under *Rush,* Payton's sentence would be enhanced if the government convinced the jury that Payton possessed a weapon and demonstrated for sentencing purposes only that Payton had been convicted of three earlier felonies. At a hearing on Payton's motion to dismiss the indictment, the government informed the district court that regardless of *Rush* it wished to proceed as if section 924(e)(1) were a separate, indictable offense. This would permit it to tell the jury that Payton had been convicted of at least three of the felonies contained in the indictment. Although the district court expressed some reservations about the wisdom of this approach, it granted the government permission to proceed in this way. Thus, at trial the jury was allowed to hear evidence that Payton committed the earlier crimes. Payton now contends that this was prejudicial error.

Following a hearing on Payton's post-trial motions, the district court further held that Payton's breaking and entering conviction in 1971 was a "burglary" within the meaning of section 924(e)(1) and thus properly counted toward the enhancement of Payton's sentence. The court also held, however, that Payton's convictions of March 3, 1980 for burglary and terrorism should be counted as but a single conviction, as they arose out of the same episode. *Cf. United States v. Petty,* 828 F.2d 2, 3 (8th Cir.1987) (per curiam) (conviction of six counts of armed robbery stemming from a

---

**3.** 18 U.S.C.A. § 924(e) (West Supp.1989) provides:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

\* \* \* \* \* \*

(2) (B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year \* \* \* that—

(i) has as an element the use, attempted use or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

**4.** *Rush* analyzed the former 18 U.S.C.App. § 1202, which was repealed effective 180 days after May 19, 1986. As revised, 18 U.S.C. § 922(g) incorporates the first sentence of the former section 1202(a), while the Armed Career Criminal Act of 1984, originally an amendment to section 1202(a), was incorporated into 18 U.S.C. § 924(e)(1). Firearms Owner's Protection Act, Pub.L. No. 99–308, §§ 102, 104(a), 100 Stat. 451, 456 (1986).

single incident constitutes one conviction for purposes of enhanced sentencing statute), *cert. denied,* —— U.S. ——, 108 S.Ct. 2827, 100 L.Ed.2d 928 (1988). The court went on to rule that the government had properly established the three predicate offenses necessary to request imposition of the enhancement provisions of section 924(e)(1).

■ With respect to Payton's position that the government had improperly introduced evidence of his prior convictions at trial, the court concluded that the government had simply assumed a greater burden than was necessary under *Rush.* The court further determined that introducing the additional evidence did not prejudice Payton. *Cf. United States v. Savage,* 863 F.2d 595, 599 (8th Cir.1988) (jury entitled to make factual findings necessary to determine that defendant's prior felony convictions were for conduct properly classed as "violent" under 18 U.S.C. § 924(e)(1)), *cert. denied,* —— U.S. ——, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989). We are aware that one circuit has supported its conclusion that section 924(e)(1) is a sentencing enhancement provision by arguing that introducing evidence of prior felony convictions is "inherently prejudicial." *United States v. Jackson,* 824 F.2d 21, 25 (D.C.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988). We did not adopt this reasoning in *Rush,* however, and in the instant case we cannot disregard the district court's specific finding that the introduction of prior crimes evidence against Payton was not prejudicial. We further recognize that the indictment against Payton was drafted properly under the law as it existed prior to our decision in *Rush.* Under these unique circumstances, we will not overturn the judgment of the district court.

■ The district court also did not err in holding that Payton's 1971 conviction for breaking and entering constituted a conviction of "burglary" for purposes of section 924(e)(1). Examining the circumstances of the 1971 incident, the court determined from police reports that Payton broke into a tavern at night, stole liquor and cigarettes, and started a small fire to hide evidence. The court also concluded that this conduct constituted a potential risk of personal injury, and that the crime was punishable by imprisonment exceeding one year. The crime therefore is properly classed as one among those enumerated by section 924(e)(2)(B)(ii).

■ In reaching this determination, furthermore, the district court did not err in relying upon a police report not in the trial record. Here, after the jury found that Payton had been convicted of the three prior felonies, the report was properly considered by the court in order for it to determine before sentencing the full nature of these crimes and whether the conduct was properly classified under the statute.

■ Payton also argues that the district court erred in refusing to grant a defense witness, John Otto, judicial immunity. In *United States v. Doddington,* 822 F.2d 818, 821 n. 1 (8th Cir.1987), we observed that "judicial immunity has not been recognized in this circuit." Although the Third Circuit has allowed district courts, rather than prosecution attorneys, the power to grant immunity to defense witnesses where such testimony is clearly exculpatory or where a distortion of the fact-finding process may have occurred, *see Government of the Virgin Islands v. Smith,* 615 F.2d 964, 968–74 (3d Cir.1980), other circuits have declined to vest district courts with such power on the grounds that this practice places the judiciary in the traditional domain of the executive branch. *See United States v. Thevis,* 665 F.2d 616, 639 (5th Cir.), *cert. denied,* 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982); *United States v. Turkish,* 623 F.2d 769, 776–78 (2d Cir. 1980), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981). We find these latter cases to be the more persuasive, and hold that the district court did not err in declining to extend immunity to Otto.

■ Finally, Payton argues that there was insufficient evidence to prove that he possessed the handgun found in the truck after the collision. He stresses that he was neither positively identified as driving the

truck nor apprehended in close proximity to the truck, and that no evidence showed that he owned the truck. We find no merit in this argument. While police were conducting surveillance of Payton's house, they observed an individual leave the residence and enter a pickup truck. The truck was then driven at a police officer with the lights on bright, and a chase ensued. At the conclusion of this chase, the pickup truck crashed into a house. After the collision, one of the officers discovered a revolver lying on the floorboard. The police later discovered Payton hiding underneath an automobile in a private garage, after they had received reports of a person running through nearby yards. When the police later searched Payton's residence, they found other guns and photographs of Payton brandishing handguns and ammunition. Considering the evidence in the light most favorable to the government, *United States v. Karunatileka,* 820 F.2d 961, 965 (8th Cir.1987), we conclude that this evidence is sufficient to support Payton's conviction.

We affirm the judgment of conviction.