**UNITED STATES of America**

v.

**Edward E. LANDAW, Jr.**

**No. SCr. 88–84.**

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 4, 1989.

Rick L. Jancha, Asst. U.S. Atty., South Bend, Ind., for U.S.

Alan Blumenthal, Chicago, Ill., for Edward E. Landaw, Jr.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Edward E. Landaw, Jr. is a convicted killer and heroin dealer. If he also is a convicted burglar, he faces life imprisonment.

A jury found Mr. Landaw guilty of a violation of 18 U.S.C. § 922(g)(1), in that on October 21, 1988 he possessed two handguns in his dwelling in South Bend, Indiana. Sentencing pends. The statute under which Mr. Landaw was convicted prohibits a convicted felon from possessing a firearm that traveled in interstate commerce.

The government seeks enhanced sentencing of Mr. Landaw under 18 U.S.C. § 924(e), subsection (1) of which provides, in pertinent part:

> In the case of a person who violates Section 922(g) of this title and has three previous convictions by any court referred to in Section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000.00 and imprisoned not less than fifteen years.

The same subsection defines the term "violent felony" as:

> ... any crime punishable by imprisonment for a term exceeding one year that
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise

involves conduct that presents a serious potential risk of injury to another.

18 U.S.C. § 924(e)(2)(B).

Mr. Landaw raises three arguments in opposition to the government's motion. Each argument addresses his 1968 conviction in an Indiana court for entering to commit a felony. First, he argues that his civil rights were restored automatically and his right to possess firearms was not impaired by state law, so the Indiana convictions are not "convictions" upon which sentencing enhancement may be based pursuant to 18 U.S.C. § 924(e)(1). Second, Mr. Landaw claims that his sentence may not be enhanced based on a constitutionally invalid predicate conviction. Finally, he argues that his sentence for violating 18 U.S.C. § 922(g)(1) may not be enhanced by virtue of his three prior felony convictions, where the predicate conviction for entering to commit a felony was not a burglary as defined by common law, Indiana law, or federal law and thus was not a "violent felony" as comprehended by the enhancement provision of 18 U.S.C. § 924(e)(1).

### I.

Mr. Landaw's prior criminal record includes three felony convictions between 1968 and 1973. In 1973, he was convicted in federal court for distributing heroin in violation of 21 U.S.C. § 841, Cause No. 72 SCr. 76, and was sentenced to fifteen years in prison. Mr. Landaw was on parole from that offense at the time of the conduct underlying the present case.

In 1970, Mr. Landaw was convicted in the St. Joseph Superior Court, Cause No. 15984, of involuntary manslaughter and sentenced to a term of imprisonment for not less than one nor more than ten years.

In 1968, Mr. Landaw pleaded guilty to a charge of entering with intent to commit a felony, Cause No. 14095, in the St. Joseph Superior Court. The 1968 conviction stemmed from an arrest for entering a laundromat in Mishawaka, Indiana and attempting to steal money from a vending machine. He was originally sentenced to an indeterminate term of one-to-ten years imprisonment. Upon post-conviction peti-

tion, the Indiana Supreme Court reduced his sentence to imprisonment for one-to-five years. The court held that second degree burglary carried only a five year maximum and that the lesser included offense of entering with intent to commit a felony could carry no greater penalty than the higher offense. *Landaw v. State*, 258 Ind. 67, 279 N.E.2d 230 (1972).

## II.

### A.

■ Mr. Landaw claims that neither of his two state convictions may be used as predicates for enhancement purposes under the Firearm Owner's Protection Act of 1986 [1] since the civil rights that he lost as a result of his state convictions were automatically restored upon completion of his sentence. *See e.g.* IND. CODE 35–50–1–4 (repealed 1986) (concerning disfranchising of incarcerated convicts); IND.CODE 3–7–1–15 (a person imprisoned following conviction of a crime is disfranchised during the person's imprisonment). Mr. Landaw also notes that disfranchisement, although permitted by the statute under which he was convicted, was not ordered as part of his 1968 sentence.

The government argues that an affirmative act, rather than an automatic change in status under state law, is required to bring a defendant within the exemption at 18 U.S.C. § 921(a)(20), *citing* S.Rept. No. 98–583 (1984) at 6, *reprinted at* 3 ATF Quarterly Bulletin 77, 82 (1986); *United States v. Presley*, 667 F.Supp. 678 (W.D. Mo.1987), *aff'd*, 851 F.2d 1052 (8th Cir. 1988); *United States v. Hefner*, 842 F.2d 731 (4th Cir.), *cert. denied* — U.S. ——, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988).

Reliance on *Hefner* appears to be misplaced. *Hefner* dealt not with a criminal statute, but rather a statute that disqualifies a convicted felon from sitting on a federal grand jury if his civil rights had not been restored. However, *United States v. Kolter*, 849 F.2d 541 (11th Cir.1988), dealt with a defendant who was convicted of burglary in 1973, but had all of his civil and political rights restored by the State Board of Pardons and Paroles three years later. The court held that under 18 U.S.C. § 921(a)(20), he was not a "convicted felon". The state board's action in *Kolter* appears to be precisely the type of action contemplated by Congress in the 1986 amendment to the act. No agency took such action with respect to Mr. Landaw.

"Restoration" of civil rights under Indiana's statutory scheme involves no action by state authorities; it is automatic upon release from custody. Were the court to accept Mr. Landaw's position, 18 U.S.C. § 924(e) would be rendered moot in Indiana as to any state conviction for which a defendant had served his or her sentence. Further, since the Indiana state court apparently never disfranchised Mr. Landaw for his 1968 conviction, he could not have had his civil rights "restored" as required by 18 U.S.C. § 921(a)(20).

### B.

■ Mr. Landaw next argues that the government has improperly relied upon a constitutionally infirm predicate offense under § 924(e)(1). He claims that his guilty plea and consequent conviction in 1968 are constitutionally invalid in that the plea was involuntary in fact and as a matter of law. The transcript of his 1968 guilty plea demonstrates an advisement of rights that could not pass constitutional muster today in light of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *United States v. Johnson*, 612 F.2d 305 (7th Cir.1980), in a firearms prosecution, the Seventh Circuit held that the district court could not properly rely on an invalid prior state conviction for sentencing purposes.

---

**1.** The relevant language provides: "What constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

The government argues that Mr. Landaw's guilty plea satisfied then-existing constitutional standards of voluntariness and that *Boykin* is not applied retroactively. The government relies upon *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (conviction subject to collateral attack may serve as the predicate to a charge of being a felon in possession of a firearm), and *United States v. Balascsak*, 873 F.2d 673 (3d Cir.1989), for the proposition that Mr. Landaw may not collaterally attack the validity of a predicate conviction that merely serves as a basis for enhanced sentencing.

The court does not find it necessary to decide the question of whether a defendant is precluded from collaterally attacking a predicate conviction under the Armed Career Criminal Act, since the Seventh Circuit has assumed, and other circuits have held, that *Boykin* is not to be applied retroactively. *Hansen v. Mathews*, 424 F.2d 1205 (7th Cir.), *cert. denied* 397 U.S. 1057, 90 S.Ct. 1404, 25 L.Ed.2d 675 (1970); *Hendron v. Cowan*, 532 F.2d 1081, 1083 (6th Cir. 1976) (citing cases). The guilty plea at issue was entered in 1968 and was, therefore, not subject to the requirements of *Boykin*. *But cf. United States v. Gantt*, 659 F.Supp. 73, 79 (W.D.Pa.1987) (government bears the burden of proving the validity of an uncounseled conviction if it seeks sentence enhancement under the Armed Career Criminal Act).

### C.

■ At oral argument, Mr. Landaw conceded that the law of this circuit precludes this court from applying the common law or state law definition of burglary to the predicate offense. In *United States v. Dombrowski*, 877 F.2d 520 (7th Cir.1989), the court held that the term "burglary" in § 924(e)(2)(B) was intended to encompass

any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a federal or state offense. Mr. Landaw argues that this definition includes a requirement of "entering or remaining surreptitiously", an element not included in the offense for which he was convicted in 1968.

In 1968, Indiana codified burglary in three degrees, all involving "breaking" and "entering", with degrees determined by the type of property and intent involved. Ind. Stat.Ann. § 10–701. Mr. Landaw's conduct was charged pursuant to Sec. 10–704, "Entering to Commit a Felony."[2] Mr. Landaw claims that the statute under which he was charged was a lesser offense to burglary as it did not require the element of "breaking" or any kind of unauthorized or surreptitious entry. Mr. Landaw suggests that had he been accused of an unauthorized or surreptitious entry, he would have been charged with second degree burglary under Indiana law. Mr. Landaw also has proffered the decision of the Indiana Supreme Court which reduced his sentence so that the punishment for the lesser offense would not exceed that of second degree burglary. Thus, according to Mr. Landaw, by the terms and definitions of the statute under which he was convicted, he was neither charged with nor sentenced for burglary as defined by *Dombrowski*, 877 F.2d at 530.

Mr. Landaw claims that if the court deems entering with intent to commit a felony to be equivalent to burglary for enhancement purposes, other crimes not envisioned by Congress also could become predicate offenses for enhancement under § 922(e)(1). According to Mr. Landaw, the definition embraced by the Seventh Circuit requires that the entry be "surreptitious"

---

**2.** That statute provided:

Whoever enters any dwelling-house, or other place of human habitation, business-house, outhouse, shop, office, storehouse, warehouse, mill, distillery, pottery, factory, barn, stable, schoolhouse, church, meeting-house, or any building used for religious worship, booth, tent, inclosed ginseng garden, boat, wharfboat, or other water-craft, car, factory, freight house, station-house, depot, railroad car, interurban or street-car, or any other erection or inclosure, with the intent to commit a felony therein, shall, on conviction, be imprisoned for not less than one [1] year nor more than ten [10] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period.

in order to exclude from its comprehension such crimes as felony shoplifting, felony theft, and felony larceny from a vending machine. Mr. Landaw points out that a mere entry with the intent to commit a state crime would include such non-violent and lesser intrusive crimes.

The government argues that Mr. Landaw's 1968 conviction for entering with intent to commit a felony falls within the definition of burglary adopted in *Dombrowski*. In *United States v. Dickerson*, 857 F.2d 414, 419 (7th Cir.1988), *cert. denied* —— U.S. ——, 109 S.Ct. 1753, 104 L.Ed.2d 189 (1989), the court held that all burglaries, including unarmed burglaries, fall within the purview of the Armed Career Criminal Act. The government notes that the term "surreptitious" means "stealthily or fraudulently done, taken away, or introduced", *Black's Law Dictionary* 1296 (5th ed.1979), and includes the act of "falsely creeping in". *Eastman v. New York*, 134 F. 844 (2d Cir.1904). The government claims that under this definition, the defendant's entry into an all-night laundromat was surreptitious, that his conviction indicates that he did not enter to do his laundry, and to the extent that his entry may have appeared to be for the purpose of doing laundry, it was fraudulent. The government also cites the case of *Application of Joiner*, 180 Cal.App.2d 250, 4 Cal. Rptr. 667, 670 (Cal.App.1960), for the proposition that entry without breaking into a commercial establishment for the purpose of converting personal property to one's own use while the establishment is open for business is a surreptitious entry.

This argument is unpersuasive. Despite *Dombrowski's* holding that even commercial burglaries come within the proscription of § 924(e), the government has not shown that entering with intent to commit a felony is a burglary. A 1968 conviction under Indiana law for entering with intent to commit a felony does not include the element of a surreptitious entry or a breaking

required by state and federal definitions of burglary. At oral argument, counsel for the government argued that *Dickerson* and *Dombrowski* preclude an elaborate examination of underlying facts to determine whether Mr. Landaw's conviction falls within the *Dombrowski* definition of burglary. When asked how the court could determine whether Mr. Landaw's entry was surreptitious, thus constituting a burglary for purposes of § 924(e)(1), counsel for the government indicated the court could consider readily available government documentation such as the indictment and the police report of the case, *citing United States v. Payton*, 878 F.2d 1089 (8th Cir.1989).

*Payton* stated that after a jury had determined that the defendant had been convicted of three prior felonies, the trial judge properly examined a police report that was not in the trial record to determine if one of the prior felonies was properly classified under the sentence enhancement statute. *Id.* at 1092.

The court is unpersuaded that this approach is mandated by the language of *Dombrowski* and *Dickerson* or necessarily fair to a defendant facing a minimum fifteen year enhancement of his or her sentence. The *Dombrowski* court stated that "if the prior crimes come within the stated categories 'burglary, arson, or extortion,' it does not matter whether they were violent; the court is not required to conduct an individualized inquiry whether each prior offense involved the potential for violence." *Dombrowski*, 877 F.2d at 527–28. But *Dombrowski* is silent as to whether an individualized inquiry is appropriate to determine if the defendant's conduct should be classified as burglary under the statute.

 Even under the *Payton* approach, the police report from the 1968 conviction contains no evidence from which the court could find that Mr. Landaw's entry into an open business establishment was surreptitious.[3] The reporting officer had no per-

---

3. The report states:
 The undersigned officer (Culp) along with Lt. Hawley while on patrol at approx. 4:15 A.M. 12/18/65 heard over the car radio that

the East Jefferson St. Laundromat had the vending machines hit. So we started to check our laundromats on our side of town[. W]e checked two and was heading for the third, as

sonal knowledge of the entry since he reported that he was flagged into the laundromat by the merchant who was holding two subjects. Neither the statute under which Mr. Landaw was convicted nor the police report of the underlying conduct satisfy the definition of burglary adopted by this circuit for sentence enhancement proceedings under 18 U.S.C. § 924(e)(1).

The court can find no indicia of "surreptitiousness" from the 1968 charge, the police report, or the sketchy guilty plea dialogue.[4] To infer surreptitiousness solely from the intent to commit a felony would render the element illusory. The court cannot find that Mr. Landaw's 1968 crime was a "burglary" for purposes of § 924(e)(1).

### III.

Because the government has failed to establish the three predicate offenses necessary for imposition of the enhancement provisions of § 924(e)(1), the motion for enhancement should be, and hereby is, DENIED.

SO ORDERED.

we got in front of the Laundromat at 620 West Jefferson we were flag[g]ed into the place by Allie Jojo a merchant policeman who was holding two subjects as we checked the machines in the Laundromat it was found that one of the machines had a[n attempt] made to pry it open and a padlock which was on the machine was broke off but entry had not been made yet. The two subjects [including Mr. Landaw] were placed under arrest for invest[igation] of Larceny from vending Machines and brought to the station and booked for same. In the auto used by the subjects was found laying in plain sight on the floor of the car directly in front of the passengers side was a 12″ Yellow handle screwdriver. Underneath the passengers seat was a 16″ black crowbar. In the glove compartment was found $4.00 in change, dimes and nickels. The screwdriver and the crowbar had paints on them the same color as the machines. Jojo stated that he was holding the subjects because the story they gave was very phony.

Jojo locked the laundromat on the [advice] of Lt. Hawley to preserve any finger prints that may be on the machine.

4. The guilty plea dialogue included no discussion of the factual basis for the plea. The parties have not tendered the presentence investigation report, which might have given additional facts concerning the entry into the laundromat.