Carl Robert **HARRIS**, Jr.

v.

**UNITED STATES of America.**

No. 3:91–0863.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 29, 1992.

---

Carl Robert Harris, Jr., pro se.

Rosemary Hart & Robert C. Anderson, Office of the U.S. Atty., Nashville, Tenn., for U.S.

## MEMORANDUM

JOHN T. NIXON, Chief Judge.

Pending before the Court in the above styled action is the movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The movant, Carl Robert Harris, pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Harris now argues that his prior felony conviction in state court, which formed the basis for this federal conviction, did not divest him of his right to bear arms and therefore his possession of the firearm was not in violation of 18 U.S.C. § 922(g)(1). The government initially opposed the § 2255 motion, but now concedes that Harris was wrongly convicted and has moved to vacate the conviction.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to possess" any firearm. The phrase "crime punishable by imprisonment for a term exceeding one year" does not include "any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored ... unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ... possess or receive firearms." 18 U.S.C. § 921(a)(20).

The Sixth Circuit has observed that "the unmistakable intent of Congress [in enacting 18 U.S.C. § 921(a)(20), was] to eliminate the disabling effect of a felony conviction when the state of conviction has made certain determinations, embodied in state law, regarding a released felon's civil rights and firearms privileges." *United States v. Cassidy*, 899 F.2d 543, 546 (6th Cir.1990). The court observed that Congress clearly intended that "courts refer to state law to determine whether an individual should be subject to federal firearms disabilities by virtue of a criminal conviction." *Id.* It appears from the statute and Sixth Circuit precedent that an individual may only be convicted under 18 U.S.C. § 922(g)(1) if his possession of the firearm was illegal under state law by virtue of his prior felony conviction. Thus, if the state of conviction chooses to restore his right to bear arms, his later possession of a firearm is not a federal crime.

Harris argues that his felony conviction in 1979 for fraudulent use of an automobile did not divest him of his right to bear arms and therefore that his conviction under § 922(g)(1) is illegal. A review of Tennessee law, as it existed when Harris was convicted, indicates that a felon lost the right to bear arms only when the felony was "committed through the use of force or violence." Tenn.Code Ann. § 39–4921 (Supp.1981).[1] The Tennessee Supreme Court has observed that a person convicted of a felony which has not been rendered infamous, upon release from his term of incarceration, returns to society "with all his former rights, privileges and

---

1. This section was earlier codified at § 39–4911 (1975) and later codified at § 39–6–1716 (1982). It now appears at § 39–17–1307(b)(1)(A) (1991).

immunities restored." *Gaskin v. Collins,* 661 S.W.2d 865, 866 (Tenn.1983). Thus, unless Harris committed his felony through the use of force or violence, or unless the fraudulent use of an automobile is an infamous crime,[2] it appears that his right to bear arms was restored to him upon the termination of his probation.[3] This right being restored, his conviction under § 922(g)(1) would be illegal and would have to be vacated.[4]

■ Harris' failure to raise this claim on appeal does not constitute procedural default under *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1981). If Harris' right to bear arms was restored to him upon the termination of his probation, then he was not guilty of an offense against the United States under § 922(g)(1). Where an incarceration is "fundamentally unjust," or where the error alleged by the movant resulted in the conviction of one who is "actually innocent," procedural default will not bar the court's consideration of the movant's claim. *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986).

The government concedes that Harris' right to bear arms was restored to him by the State of Tennessee after he was released from custody and now asks this Court to vacate Harris' conviction. Accordingly, pursuant to 28 U.S.C. § 2255, the

Court will vacate Harris' conviction under 18 U.S.C. § 922(g)(1).

An Order consistent with the reasoning herein will be filed contemporaneously with this Memorandum.

---

2. When Harris was convicted in 1979, Tennessee defined its infamous crimes in Tenn.Code Ann. § 40-2712 (1975). This section is now codified, as amended, in § 40-20-112 (1990). "Fraudulent use of an automobile" is not included among the infamous crimes.

3. Harris was sentenced to serve a term of one to five years in the Tennessee State Prison. The sentence was suspended and Harris was placed on probation for a period of two years. The probation order read, in part:

> IT IS FURTHER ORDERED that the aforesaid Defendant shall comply with the following general and specific conditions of Probation.
>
> ....
>
> 5. If convicted of a felony, he shall not receive, own, possess, ship or transport any firearm or ammunition. Ref. Gun Control Act of 1968, Public Law 90–618 Title I, Section 922 entitled "Unlawful Acts."

It appears from this order that Harris, being convicted of a felony, was divested of his right

to possess a firearm only during the term of his probation (unless, of course, the felony was committed through use of force or violence).

4. The Court strongly disagrees with the analysis of *United States v. Landaw,* 727 F.Supp. 481, 483 (N.D.Ind.1989). The court in *Landaw* held that only an affirmative act of restoring an individual's civil rights meets the requirement of § 921(a)(20).

As discussed above, federal courts are to look to the state of conviction to determine whether a disability has been imposed upon a felon's right to bear arms. If the felon is not under a disability, either due to the restoration of his civil rights, or because his civil rights were never relinquished, then the felon commits no federal crime by possessing a firearm. Whether a state chooses to restore a felon's civil rights automatically or by affirmative action should make no difference.