**UNITED STATES of America**

v.

**Timothy Wayne WHITE.**

No. 3:92–00026.

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 2, 1992.

Robert Anderson, Asst. U.S. Atty., Nashville, TN, for the U.S.

Michael Noel, Nashville, TN, for White.

MEMORANDUM

WISEMAN, District Judge.

I.

The Defendant, Timothy Wayne White, has been indicted in a two count indictment

for the offense of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In Count One, the indictment charges that on or about December 13, 1991, being a person previously convicted of a felony in Sumner County, Tennessee, the Defendant did unlawfully and knowingly possess, in or affecting commerce, a Ruger .22 caliber revolver. In Count Two, the indictment charges that on or about December 31, 1991, being a person previously convicted of a felony in Sumner County, Tennessee, the Defendant did unlawfully and knowingly possess, in or affecting commerce, a Beretta 380 caliber pistol and a Ruger Mini 14 Rifle.

The Defendant has moved to dismiss the indictment. The Defendant argues that the facts alleged in the indictment do not constitute a violation of 18 U.S.C. § 922(g)(1) because he is not, for the purposes of § 922(g)(1), a "convicted" felon. The Defendant contends that he is not a convicted felon under § 922(g)(1) because Tennessee has restored his civil rights and because Tennessee statutes do not prohibit him from possessing a firearm.

For the reasons stated below, this Court DENIES the Defendant's motion to dismiss.

## II.

### A.

18 U.S.C. § 922(g)(1) prohibits "a person convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. 18 U.S.C. § 921(a)(20) limits the convictions which may qualify as "punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 922(g)(1):

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged or set aside or for which a person has been pardoned or *has had civil rights restored* shall *not* be considered a conviction for the purpose of this chapter *un-less such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (1976) (emphasis added).

■ The Sixth Circuit has recently discussed the meaning of this statute. In *United States v. Cassidy,* 899 F.2d 543 (6th Cir.1990), the Sixth Circuit held that under § 921(a)(20), a federal court should look to state law to determine whether an individual should be subject to federal firearms disabilities by virtue of a prior criminal conviction. *Id.* at 546. Under § 921(a)(20), a felon may be immune from an 18 U.S.C. § 922(g)(1) violation because of a restoration of civil rights if "state law has restored civil rights to a felon, without expressly limiting the felon's firearms privileges." *Cassidy,* 899 F.2d at 546; *accord United States v. Driscoll,* 970 F.2d 1472, 1475–76 (6th Cir.1992).

In *Cassidy,* the Court expressly defined which "civil rights" must be restored by the state in order for a felon to fall under the exception within 18 U.S.C. § 921(a)(20). The *Cassidy* Court recognized that Congress had not listed a precise statement identifying those rights. However, the Court stated that the use of the words "civil rights" as opposed to "all rights and privileges" indicated that Congress intended "to encompass those rights accorded to an individual by virtue of his citizenship in a particular state." *Cassidy,* 899 F.2d at 549. These rights include "the right to vote, the right to seek and hold public office and the right to serve on a jury." *Id.; accord Driscoll,* 970 F.2d at 1476.

Once a court determines that those three civil rights have been restored, it moves on to the second step in its determination. It inquires as to whether the state has expressly limited the felon's firearms privileges. The court looks not only to the document, if any, given to a felon upon his release, but to the whole of state law to see if there is a limitation on his firearms privileges. *Cassidy,* 899 F.2d at 546. If there is *any* limitation on the felon's right to possess any type of firearm because of his

conviction, he is subject to federal firearms disabilities. *See Driscoll,* 970 F.2d at 1480–81.

In *Cassidy,* the Court found that although the felon's three relevant civil rights had been restored, that his firearms privileges had nevertheless been restricted by the State of Ohio. Ohio law prohibits a felon from carrying a firearm if the felon has previously been convicted of a drug-related crime. Ohio Rev.Code § 2923.13. The only way a felon can overcome this "disability" is to apply to the court of common pleas in the county where he resides. Ohio Rev.Code § 2923.14. Since the Defendant in *Cassidy* had not done so, his firearms rights were still restricted by the State, and thus he was not exempted by 18 U.S.C. § 921(a)(20). Hence, he was subject to 18 U.S.C. § 922(g)(1). *Cassidy,* 899 F.2d at 550.

### B.

Next, we examine Tennessee law in relation to the restoration to a felon of the civil rights to vote, to seek and hold office, and to serve on a jury. T.C.A. § 40–29–105 concerns the restoration of the right to vote to a "felon convicted of an infamous crime after July 1, 1986." It states that all such persons who have received an unconditional pardon, who have served their sentence for the infamous crime, or who have been granted final release from incarceration or supervision by the board of parole or the department of correction *may* have their full rights of citizenship restored.[1] In other words, if one of these conditions is satisfied, the felon is *eligible* for restoration of citizenship; it is not automatic. T.C.A. § 40–29–105, however, concerns only the restoration of the right to vote, not all civil rights.

A person eligible for restoration of citizenship pursuant to § 40–29–105(b)(1) may request, and then shall be issued, a certificate of restoration (upon a form prescribed by the coordinator of elections) by the pardoning authority or an agent or officer of the supervising or incarcerating authority. T.C.A. § 40–29–105(b)(3). The person issued such a certificate then has to submit the certificate to the registrar of the county in which he is eligible to vote. The registrar then gives him a registration card entitling him to vote. Thus, to be able to vote, a felon must simply obtain a form from the probation office or prison, and send it in to the county registrar. If he is eligible, his right to vote is restored.

The felon's right to seek and hold office is governed by T.C.A. § 40–20–114. That statute states:

> Every person convicted of a felony or an infamous crime and sentenced to the penitentiary, either on the state or federal level, is disqualified from qualifying for, seeking or holding any office under the authority of this state unless and until his citizenship rights have been restored by a court of competent jurisdiction.

T.C.A. § 40–20–114 (1990).

The felon's right to serve on a jury is governed by T.C.A. § 22–1–102. That statute reads in part:

> (a) The following persons are incompetent to act as jurors:
>
> (1) Persons convicted of certain infamous offenses, specially designated in this code.

T.C.A. § 22–1–102 (1980).

The reference in T.C.A. § 40–20–114 to the restoration of citizenship rights by a "court of competent jurisdiction" refers to the procedures outlined in T.C.A. § 40–29–101 and § 40–29–102. These sections read as follows:

**T.C.A. 40–29–101: Jurisdiction—Time of Application—**

(a) Persons rendered infamous or deprived of the rights of citizenship by the judgment of any state or federal court may have their full rights of citizenship restored by the circuit court.

(b) Those pardoned, if the pardon does restore full rights of citizenship, may petition for restoration immediately after

---

1. It should be noted that the statute states that certain felons shall never be eligible to vote in Tennessee: those convicted of first degree mur- der, aggravated rape, treason or voter fraud. *See* T.C.A. 40–29–105(b)(2) (1986).

such pardon; provided, that a court shall not have jurisdiction to alter, delete or render void special conditions of a pardon pertaining to the right of suffrage.

(c) Those convicted of an infamous crime may petition for restoration upon the expiration of the maximum sentence imposed for any such infamous crime.

T.C.A. § 40–29–101 (1990).

**T.C.A. 40–29–102: Petition and Proof—** The proceeding for this purpose shall be by petition to the circuit court of the county in which the petitioner resides, or to the circuit court of the county in which the petitioner was convicted of an act depriving him of citizenship sustained by satisfactory proof that ever since the judgment of disqualification, the petitioner has sustained the character of a person of honesty, respectability and veracity, and that he is generally esteemed as such by his neighbors.

T.C.A. § 40–29–102 (1990).

Thus, a felon must apply to the circuit court, pay a filing fee, and submit to the court why his citizenship rights should be restored. Before a hearing on the issue, the district attorney general of the county in which the petitioner resides and of the county in which the petitioner was convicted must have twenty days notice, so that they may have the opportunity to respond, if they wish. T.C.A. § 40–29–103 (1990).[2]

It should be noted that though this procedure is clearly applicable to restoration of the right to seek and to hold office, it is not clearly applicable to the restoration of the right to sit on a jury. T.C.A. § 22–1–102 makes no mention of how that right can be restored, nor does § 40–29–101 expressly state that the circuit court proceeding will restore the right to serve on a jury. In addition, *State v. Bell*, 745 S.W.2d 858 (Tenn.1988), a case describing Tennessee's decision to exclude convicted felons from serving on juries, does not mention a procedure for regaining that right. *Id.* at 861.

Regardless, the resolution of this question is unnecessary on the facts of the case before this Court.

### III.

■ On October 11, 1988, the Defendant was convicted in Sumner County, Tennessee of the offense of grand larceny. Pursuant to T.C.A. § 40–20–112, the Defendant was rendered infamous by said judgment. The Defendant argues that pursuant to T.C.A. § 40–29–105(b)(1), all citizenship rights except for the right to vote are restored automatically upon a felon's release. He points to T.C.A. § 39–17–1307 for the proposition that a defendant loses his right to bear arms only under certain conditions: specifically, a person who has been convicted of a felony drug offense or a felony involving the use or attempted use of force, violence or deadly weapon cannot possess a handgun. T.C.A. § 39–17–1307 (1991). The Defendant argues that since his two prior convictions, grand larceny and an attempt to commit a felony, are not such crimes, that he is not restricted by Tennessee from carrying a firearm.

The Defendant cites *Harris v. United States*, 793 F.Supp. 754 (M.D.Tenn.1992) as a recent case supporting his position. In that case, Judge Nixon vacated the defendant's plea that he was in violation of 18 U.S.C. § 922(g)(1), holding that the defendant's prior state conviction did not divest him of the right to bear arms. The court found that Harris' crime was not an "infamous" crime under Tennessee law, and that additionally, since his crime was not one of force or violence, that he returned from incarceration with all his former rights, including the right to bear arms, restored. *Id.* at 755–56.[3] The Defendant relies on *Harris'* holding that Tennessee's failure to restrict Harris' firearms privileges precluded Harris from conviction under 18 U.S.C. § 922(g)(1) in arguing that he, the Defendant, should also be immune from a § 922(g)(1) conviction because Ten-

---

**2.** If the petitioner was convicted of a federal crime, the United States attorney shall be given notice instead of the district attorney general of the place of conviction.

**3.** The Defendant also cites *Cassidy* simply for the proposition that a federal court should refer to state law when it is examining the application of 18 U.S.C. § 921(a)(20).

**590**

nessee, he argues, has not restricted his firearms privileges.

The Defendant's argument is mistaken and his citations are distinguishable. *Cassidy* clearly requires that in looking to state law, a federal court should first determine whether the felon's three relevant civil rights have been restored—the right to vote, the right to seek and hold office, and the right to sit on a jury—before determining whether his firearms privileges have been limited by the State. *Cassidy*, 899 F.2d at 546; *accord Driscoll*, 970 F.2d at 1476; *United States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991).

Tennessee law currently prohibits the Defendant from exercising any of the rights listed in *Cassidy*. The Defendant, convicted of an infamous crime, lost the right to vote, the right to seek and hold office, and the right to sit on a jury. He has produced no restored voter's registration card, and has not alleged that he has successfully applied to the circuit court to have his citizenship rights restored.[4] Thus, the Defendant must still be considered "convicted" under 18 U.S.C. § 922(g)(1) because his civil rights have not been restored.

The situation in the Defendant's case is distinguishable from that of *Harris*. Harris had not been rendered "infamous." In addition, to the extent that the *Harris* court did not recognize the procedure laid

out in *Cassidy*, this Court declines to follow *Harris*. A federal court, in applying 18 U.S.C. § 921(a)(20), must not simply look to whether "the state of conviction chooses to restore [the felon's] right to bear arms." *Harris*, 793 F.Supp. at 755. Rather, the court must first determine if the three relevant civil rights have been restored by the state;[5] if the state has done so, the federal court then determines whether the felon's firearms privileges have been restricted.[6]

For the foregoing reasons, the Defendant's motion to dismiss the indictment charging him with a violation of 18 U.S.C. § 922(g)(1) is DENIED.

---

4. Because the Defendant has not shown that the first two rights have been restored, this Court does not need to determine whether the circuit court procedure would also give the Defendant the right to sit on a jury.

5. *Cassidy* not only lists the three civil rights to be examined in determining whether a felon's civil rights have been restored, but also expressly excludes firearms privileges from consideration as a civil right. *Cassidy*, 899 F.2d at 549. The Court noted that there is no individual right to possess a firearm. *Cassidy*, 899 F.2d at 549 n. 12; *see also United States v. Warin*, 530 F.2d 103, 106 (6th Cir.1976), *cert. denied*, 426 U.S. 948, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976).

6. It should also be noted that it is not entirely clear that the Sixth Circuit would agree with the Defendant that his firearms privileges have not been restricted. As stated above, Tennessee law states that a person convicted of a felony involving the use or attempted use of force, violence

or a deadly weapon or of a felony drug offense is prohibited from possessing a handgun. T.C.A. § 39–17–1307. In *United States v. Driscoll*, the Sixth Circuit held that if a state limits a felon's right to carry any type of handgun, then this implies that the state "did not intend to help its felons overcome the federal presumption against allowing them to possess weapons." *Driscoll*, 970 F.2d at 1481. Thus, the felon who is subject to such a limited restriction is not exempt from the prohibition in 18 U.S.C. § 922(g)(1).

Tennessee law is different from the Michigan law discussed in *Driscoll*. It limits the type of permissible firearm for only certain types of felons, not all felons. Whether the Sixth Circuit would consider this a sufficient restriction to expose all Tennessee felons to federal firearms disabilities is unclear. A ruling from this Court on this point is not necessary in this case.