# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 9, 2001 Session

## STATE OF TENNESSEE v. JOHN EDWARD JOHNSON, JR.

**Direct Appeal from the Criminal Court for Obion County**
**No. 0-204     William B. Acree, Jr., Judge**

_____

**No. W2000-01986-CCA-R3-CD - Filed March 22, 2001**

_____

David G. Hayes, J., dissenting.

I am unable to join with my colleagues in concluding that "restoration of citizenship rights" to a felon convicted of a crime of violence restores to the felon his right to possess a handgun. My reasons are twofold.

First, the right to keep and bear arms is not absolute.[1]

That the citizens of this State have a right to keep and to bear arms for their common defense; but the **Legislature shall have power, by law, to regulate the wearing of arms with a view to prevent crime.**

TENN. CONST. art. I, § 26 (emphasis added). In furtherance of this objective and with a purpose toward preventing conduct that unjustifiably and inexcusably threatens harm to the public interest, our General Assembly enacted the following statute:

A person commits an offense who possesses a **handgun** and:
(A) Has been convicted of a **felony involving the use or attempted use of force, violence or a deadly weapon; or**
(B) Has been convicted of a **felony drug offense**.

---

[1]The constitutional right to bear arms provided in the United States Constitution means no more than this right shall not be infringed by Congress. See 79 AM. JUR.2d *Weapons and Firearms* § 4 (1975). The guaranty of the federal right to bear arms **is not** carried over into the Fourteenth Amendment so as to be applicable to the individual states. 79 AM. JUR.2d *Weapons and Firearms* § 4. Additionally, the United States Supreme Court has long held that "the Second Amendment guarantees no right to keep and bear a firearm that does not have 'some reasonable relationship to the preservation or efficiency of a well regulated militia.'" Lewis v. United States, 445 U.S. 55, 65 n.8, 100 S.Ct. 915 (1980) (citation omitted). In this regard, the federal courts have consistently upheld the constitutionality of federal weapons regulations like 18 U.S.C. § 922(g) absent evidence that they in any way affect the maintenance of a well regulated militia.

TENN. CODE ANN. § 39-17-1307(b)(1) (1997) (emphasis added).

The Appellant asserts as a defense to his possession of the handgun that, because his "citizenship rights" were restored pursuant to TENN. CODE ANN. §§ 40-29-101 through 40-29-105 (1997 & 2000 Supp.), he is not subject to prosecution under TENN. CODE ANN. § 39-17-1307 (b)(1)(A). I find this reasoning misplaced. Under our current penal code, the only defenses which may be raised, in addition to those defenses expressly designated in TENN. CODE ANN. §§ 39-11-501 through 39-11-621 (1997), are those defenses so labeled and designated within the weapons provisions of Title 39. See TENN. CODE ANN. § 39-11-203(e)(1) ((1997); see generally State v. Culp, 900 S.W.2d 707, 710 (Tenn. Crim. App. 1994) (only statutory defenses available). Restoration of citizenship rights is not a designated defense to prosecution under TENN. CODE ANN. § 39-17-1307(b)(1). See generally TENN. CODE ANN. § 39-17-1308(a)(1 through 10) (2000 Supp.) (establishing defenses for certain persons in the scope of their employment and for other lawful behavior). Moreover, the defenses to TENN. CODE ANN. § 39-17-1307 enumerated in Section 1308(a) are expressly unavailable to a person prosecuted under Section 1307(b)(1)(felon convicted of crime of violence). See TENN. CODE ANN. § 39-17-1309(b). As such, I find that "restoration of citizenship" is not a defense to TENN. CODE ANN. § 39-17-1307.

Second, the majority concludes that the Appellant "regained his constitutional right to possess a handgun within his residence due to the restoration of his full rights of citizenship."[2] The only rights which may be restored to the convicted felon are those rights which were removed by virtue of being rendered infamous. Loss of the right to possess a handgun is not a right of citizenship removed due to a felony conviction.[3]

"Upon conviction for any felony," a defendant shall be rendered infamous and "be immediately disqualified from exercising the right of suffrage," the right to hold public office, and

---

[2] In reaching this conclusion, the majority relies, in large part, upon dicta in our supreme court's opinion in Cole v. Campbell, 968 S.W.2d 274, 276 (Tenn. 1998), which involved the right of a convicted felon to seek public records under the Public Records Act.

[3] Historically, I would acknowledge that, prior to 1986, **federal law prohibited all ex-felons from carrying a firearm or ammunition**. See United States v. Eaton, 859 F. Supp. 421, 423 (D. Mont. 1993) (citing David T. Hardy, *The Firearm Owners' Protection Act: A Historical and Legal Perspective*, 17 CUMB.L.R.585 (1987)) (emphasis added). States were not permitted to exempt their citizens from this law. Eaton, 859 F.Supp. at 423 (citing Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 111-120, 103 S. Ct. 986, 991-996 (1983)). In response to Dickerson, the Firearm Owners Protection Act, effective November 15, 1986, was enacted to permit states to exempt, if they so chose, their convicted felons from firearms disabilities. Eaton, 859 F. Supp. at 424 (citing United States v. Cassidy, 899 F.2d 543, 546-49 (6th Cir. 1990) (showing "FOPA's deference to state law with respect to the federal firearms privileges of persons convicted in that state")). One of the purposes of the Firearm Owners Protection Act, therefore, was to empower the states vis-a-vis the federal government with regard to their own felons. Eaton, 859 F. Supp. at 425 (citing United States v. Essick, 935 F.2d 28, 31 (4th Cir. 1991)). In other words, the individual states may now restore the right, to the extent the individual state finds appropriate, of a convicted felon to possess a firearm.

the right to "execute the office of executor, administrator or guardian."[4]  See TENN. CODE ANN. §§ 40-20-112; 40-20-114; 40-20-115  (1997).  Persons rendered infamous or deprived of the rights of citizenship may have their full rights of citizenship restored upon a petition to the circuit court.[5]  See TENN. CODE ANN. §§ 40-29-101 through 40-29-105 (1997 & 2000 Supp.); see, e.g., TENN. CODE ANN. § 40-29-105 (restoration of right to vote); TENN. CODE ANN. § 40-20-114 (1997) (restoration of right to hold office).  The restoration process relieves a defendant of an impediment to his speedy and effective re-assimilation as a useful member of society.  Notwithstanding, the removal of the legal restrictions resulting from a felony conviction does not erase the prior conviction for all purposes. In particular, the restoration of civil rights does not reestablish the absolute right of a felon to possess a handgun.  See generally Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 103 S. Ct. 986 (1983).

In determining whether an individual, by virtue of a prior felony conviction, is subject to any restrictions governing the possession of firearms, the court should first look to whether the individual's citizenship rights have been restored.  See generally United States v. White, 808 F. Supp. 586, 587 (M.D. Tenn. 1992).  If the statutorily enumerated "civil rights," have been restored pursuant to applicable statutory provisions, the next inquiry focuses upon whether the state has expressly limited the felon's firearms privileges.  Id.  In performing this review, the court must look not only to the certificate restoring the felon's rights but also to the state law in its entirety.[6]  See Cassidy, 899 F.2d at 548-549; see also White, 808 F. Supp. at 587.   This survey must entail consideration of the legislature's directives regarding weapons possession, specifically focusing upon whether there is a limitation on a felon's firearms privilege.  Cassidy, 899 F.2d at 546; White, 808 F. Supp. at 587.  If there is any limitation on the felon's right to possess any type of firearm because of his conviction, that limitation controls irrespective of the reinstatement of his "civil rights."  Cf. Cassidy, 899 F.2d at 546; White, 808 F. Supp. at 587.

---

[4]The "rights of citizenship" are dictated by statute and have been customarily limited to the right to vote, the right to serve on a jury, and the right to hold public office.  See, e.g., United States v. Meeks, 987 F.2d 575, 578 (9th Cir.), cert. denied, 510 U.S. 919, 114 S. Ct. 314 (1993); Cassidy, 899 F.2d at 549; Barry v. State, 925 P.2d 255 (Ala. App. 1996); State v. Donnis Derouin, No. 00-01150-KA (La. App. Jan. 31, 2001) (citing State v. Selmon, 343 So.2d 720 (La. 1977); State v. Amos, 343 So.2d 166 (La. 1977)).

[5]It should be noted that TENN. CODE ANN. § 40-29-105(b)(2) provides that certain felons shall never be eligible to vote in Tennessee; those convicted of first degree murder, aggravated rape, treason or voter fraud.

[6]The primary role of a reviewing court is to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope.  See Roseman v. Roseman, 890 S.W.2d 27, 29 (Tenn.1994) (citations omitted).  If the legislative intent is unclear from the face of the questioned statute, those statutes relating to the same subject matter, or *in pari materia*, must be construed together, the language of some provisions aiding the interpretation of the other, and viewing the statutes as a whole consistent with their legislative purpose. State v. Blouvett, 904 S.W.2d 111, 113 (Tenn.1995); Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn.1994); Laney v. State, 826 S.W.2d 117, 118 (Tenn.1992).  Cf. Cassidy, 899 F.2d at 545 n.5 (an express restriction on firearms privileges need not be contained in the statutory provision or the certificate which restores civil rights).

It must be emphasized that inherent within this state's regulations of weapons is the principle that the right to bear arms is not unlimited, rather, it is restricted with specific limitations.[7] The limitations and restrictions on firearm possession and the accompanying exceptions are set forth in our code as substantive criminal offenses. See TENN. CODE ANN. §§ 39-17-1302 (prohibited weapons); 39-17-1304(restrictions on firearm ammunition); 39-17-1305 (prohibited possession of firearms where alcoholic beverages are served); 39-17-1306 (prohibited carrying of firearm during judicial proceeding); 39-17-1307 (unlawful possession of a weapon); 39-17-1309 (carrying of weapons on school property); 39-17-1311 (carrying weapon on public parks, playgrounds, etc.); and 39-17-1316 (sales of dangerous weapons). Of particular import in the present case is TENN. CODE ANN. § 39-17-1307, which, in addition to other proscriptions, prohibits persons convicted of felony drug offenses and crimes involving violence from possessing a handgun. This proscription is repeated in other provisions of the chapter, namely the requirements enumerated in TENN. CODE ANN. § 39-17-1351 for obtaining a handgun carry permit.[8] To be eligible for a handgun carry permit, "the applicant [must] not [have] been convicted of a criminal offense for a term exceeding one (1) year. . . ." TENN. CODE ANN. § 39-17-1351(c)(6). The statute additionally provides, however, that the application shall **not** be denied if

> (1) the existence of any arrest or other records concerning the applicant for any indictment, charge or warrant have been judicially or administratively expunged; or
> (2) an applicant's conviction has been set aside by a court of competent jurisdiction; or
> (3) the applicant, *who was rendered infamous or deprived of the rights of citizenship by judgment of any state or federal court, has had his or her full rights of citizenship duly restored pursuant to procedures set forth within title 40, chapter 29, or other federal or state law; provided, however, the provisions of this subdivision **shall not apply** to any person who has been convicted of burglary, any felony offense involving violence or use of a firearm or any felony drug offense involving a Schedule I, II, III, IV, or V controlled substance. . . .*"

TENN. CODE ANN. § 39-17-1351 (emphasis added).

---

[7]For example, with the exception of certain enumerated defenses, **all persons** are prohibited from possessing, in the State of Tennessee, any "explosive weapon," any device designed to shoot an "explosive weapon," a machine gun, a short-barrel rifle or shotgun, a firearm silencer, a switchblade knife or knuckles, and "any other implement for infliction of serious bodily injury or death which has no common lawful purpose." TENN. CODE ANN. § 39-17-1302(a).

[8]Additionally, it is unlawful to sell a firearm to a person convicted of a felony, unless the ex-felon has either "been pardoned for the offense;" "the conviction has been expunged," or "the person's civil rights have been restored pursuant to title 40, chapter 29;" and "the person is not prohibited from possessing a firearm by the provisions of § 39-17-1307." TENN. CODE ANN. § 39-17-1316.

I interpret Tennessee law to restore only the right to vote and the right to seek and hold public office.[9]  See TENN. CODE ANN. § 40-29-105 ( restoration of the right to vote); TENN. CODE ANN. § 40-20-114(restoration of right to hold office);  see also White, 808 F. Supp. at 588.  Second, Tennessee law does not provide its citizens an absolute right to possess a weapon; rather, the law is one of general exclusion and limited exceptions.  See generally TENN. CODE ANN. §39-17-1301 through 39-17-1360 (1997 & 2000 Supp.).  Cf.  Cassidy, 899 F.2d at 549(firearms privileges expressly excluded from consideration as a civil right); United States v. Warin, 530 F.2d 103, 106 (6th Cir. 1976), cert. denied, 426 U.S. 948, 96 S. Ct. 3168 (1976) (no individual right to possess a firearm).  If the courts of this state should interpret an ex-felon's restoration of citizenship rights to enable those persons convicted of specifically designated offenses permission to carry a handgun, the legislature's purpose in enacting such provisions would be defeated as well as be contrary to a multitude of decisions rendered by both federal and state courts addressing the same issue under similar statutes.[10]  For these reasons, I must respectfully dissent.

_____

DAVID G. HAYES, JUDGE

---

[9]Tennessee law specifically exempts persons convicted of infamous offenses from ever serving on a jury.  See TENN. CODE ANN. § 22-1-102 (1994); see also White, 808 F. Supp. at 588-589.  There is no mention in the code provisions of any procedure for a felon to regain that right.  See White, 808 F. Supp. at 589 (citing State v. Bell, 745 S.W.2d 858 (Tenn. 1988)).

[10]See, e.g., People v. Bell, 778 P.2d 129 (Cal. 1989) (statute providing that felons cannot possess a firearm, even after receiving a certification of rehabilitation); State v. Hall, 301 N.W.2d 729 (Iowa 1981) (concluding that statute prohibiting felons from possessing firearms was applicable to the defendant despite the fact that the defendant had received a full restoration of citizenship rights before enactment of the law prohibiting felons from possessing firearms; the court noted that an express authorization to possess firearms in the restoration of citizenship would have permitted the defendant to carry a firearm); State v. Jones, 539 So.2d 866 (La. App. 1989) (concluding that despite the fact that the defendant's conviction had been set aside after probation was concluded, the conviction could be considered for the purposes of the felon in possession charge; the court noted that although the law did provide that the setting aside of the conviction had the same effect as an acquittal in other respects, the conviction could be considered a first offense for any law relating to a cumulative offense); State v. Thomas, 665 P.2d 914 (Wash. App. 1983) (holding that it was proper to use a prior conviction to prove a felon in possession charge despite the fact that all penalties and disabilities resulting from imposition of judgment and sentence had been removed, defendant's probation terminated, and his civil rights restored).