[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13397

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 9, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00132-CR-2-TMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DEWAYNE NIX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(February 9, 2006)**

Before ANDERSON, BLACK and CARNES, Circuit Judges.

CARNES, Circuit Judge:

James Dewayne Nix appeals his conviction for violating 18 U.S.C. §

922(g)(1), which makes it a crime for any person to possess a firearm after having

been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). A conviction does not count for § 922(g)(1) purposes if the defendant has had his civil rights restored, unless the restoration expressly restricts the defendant's firearm rights. See 18 U.S.C. § 921(a)(20). Nix has never had his civil rights restored, but he contends that he still falls within the § 921(a)(20) exception because his felony conviction is not one that caused him to lose his state law rights to possess a firearm to begin with. This is an issue of first impression in our circuit, but not a difficult one.

## I.

In 1999 Nix was convicted in Alabama state court of possession of marijuana in the first degree, a crime punishable by imprisonment for a term exceeding one year. This conviction would later become the predicate felony for the 18 U.S.C. § 922(g)(1) felon in possession charge against Nix. He does not contest the sufficiency of the evidence to support the jury's verdict that he possessed firearms after his Alabama felony conviction, and the details of his having those firearms are not relevant to the issue before us. Suffice it to say that in 2003 Nix possessed more than one firearm, conduct which combined with his earlier Alabama marijuana conviction got him convicted in federal court for violating 18 U.S.C. § 922(g)(1). That is the conviction before us in this appeal.

2

Whether Nix timely raised in the district court the issue he presses before us involves a few side issues. Those are, however, of no great moment, and since we agree with Nix that he did preserve the merits issue we will spare the reader the procedural details and go straight to the merits.

## II.

Nix contends that he should not have been convicted under 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm or ammunition." 18 U.S.C. § 922(g)(1). Nix does not deny that his Alabama conviction was for a crime punishable by a term of imprisonment exceeding one year. Instead, his position is that he is entitled to the benefit of the 18 U.S.C. § 921(a)(20) exception, which provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction . . . for which a person . . . has had <u>civil rights restored</u> shall not be considered a conviction for purposes of this chapter, unless such . . . <u>restoration of civil rights</u> expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added).

Nix argues that because he never lost his right to bear arms insofar as state law is concerned, "there was no right to restore" within the meaning of §

3

921(a)(20) exception, and it follows that the exception applies. Brief of Nix at 31.

The only part of Nix's argument that is correct is the initial state law premise. Under Alabama law the right to possess a firearm is lost only upon conviction for a violent felony, see Ala. Code § 13A-11-72(a), and possession of marijuana is not a violent felony, see Ala. Code § 13A-11-70(2). That means Alabama law did not forbid Nix from possessing any firearm as a result of his felony conviction. Unfortunately for Nix, he was not prosecuted in this case for violating Alabama law but for violating the federal law set out in 18 U.S.C. § 922(g)(1).

The only limitation on predicate convictions contained in § 922(g)(1) itself is that they must be "punishable by imprisonment for a term exceeding one year," and it is that condition which § 921(a)(20) provides "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." The reference to Alabama law for that limited purpose does Nix no good, because it is undisputed that his marijuana conviction was punishable by a term of imprisonment exceeding one year.

Nix does not fit within the exception set out in § 921(a)(20), because his marijuana conviction has not been expunged or set aside, he has not been pardoned for it, and the civil rights that he lost under state law as a result of the conviction have not been restored. Nix tries to make something of that provision's "unless"

4

clause, which serves only to exclude from the exception pardons, expungements, and restorations that expressly limit a convicted felon's firearms rights. He would have us read the limiting clause to mean that if the felon never lost his firearm rights under state law to begin with, the § 921(a)(20) exception must apply. To accept Nix's argument we would have to transform a clause that limits an exception into one that enlarges the exception. That would not be reading, but re-writing. Congress can rewrite statutes, but we cannot. The plain meaning of the prohibitory terms of § 922(g)(1) applies in this case, and the plain meaning of the § 921(a)(20) exception language does not.

Nix asserts that it is illogical to treat more harshly a person whose right to bear arms was never terminated than one whose rights, including the right to bear arms, were terminated but then later restored. The fundamental problem with Nix's argument is that it is based on policy notions that are not reflected in the language of the statute we are construing. There is an absurdity exception to the plain meaning rule, but it is a very narrow exception that comes into play only where the result of adhering to the plain meaning rule "'is not just unwise but is clearly absurd,'" C.B.S., Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1228 (11th Cir. 2001) (quoting Merritt v. Dillard Paper Co., 120 F.3d 1181, 1188 (11th Cir. 1997)), is "truly absurd," Glazner v. Glazner, 347 F.3d 1212, 1215 (11th Cir.

2003) (en banc), and results in an absurdity that is "'so gross as to shock the general moral or common sense,'" Am. Bankers Ins. Group v. United States, 408 F.3d 1328, 1334 (11th Cir. 2005) (quoting Crooks v. Harrelson, 282 U.S. 55, 60, 51 S. Ct. 49, 50 (1930)).  The exception for clear, true, and gross absurdity is "rarely applied" because if it were used indiscriminately, "clearly expressed legislative decisions would be subject to the policy predilections of judges." PrimeTime 24 Joint Venture, 245 F.3d at 1228.

There is nothing absurd about the way Congress designed the § 921(a)(20) exception.   Any convicted felon, including Nix, who wishes to escape the firearms prohibitions of federal law may seek to have his rights restored under state law. Even though Nix did not lose his right to possess a firearm under state law, he did lose other "civil rights" within the meaning of § 921(a)(20).  See Ala. Code § 36-2-1(a)(3) (loss of right to hold public office); Ala. Code § 12-16-150(5) (loss of right to serve on juries); Ala. Code § 15-22-36.1(a)(1) (loss of right to vote). Nix could have attempted to have those rights restored if he wanted to possess firearms without violating federal law.  See Williams v. Lide, 628 So. 2d 531 (Ala. 1993); Ala. Code § 17-3-10; Ala. Code § 15-22-36(b) ("Each member of the Board of Pardons and Paroles favoring a pardon, parole, remission of a fine or forfeiture, or restoration of civil and political rights shall enter in the file his or her reasons in

6

detail, which entry and the order shall be public records . . . .") (emphasis added). In this respect, Nix is no different from a defendant with a conviction that results in the loss of the right to possess firearms under state law. Both are subject to prosecution under federal law if they possess firearms without having had their civil rights restored under state law. The unless clause of the § 921(a)(20) exception applies only if there is a loss of firearm rights under state law, but there is nothing absurd about that. Adjusting the operation and interplay of the governing statutory provisions is a matter for legislative judgment.

Nothing in Harris v. United States, 793 F. Supp. 754 (M.D. Tenn. 1992), is to the contrary. That decision involved a defendant who under Tennessee law had his civil rights automatically restored upon release from prison. See id. at 755–56 ("a person convicted of a felony which has not been rendered infamous, upon release from his term of incarceration, returns to society 'with all his former rights, privileges and immunities restored'" ) (quoting Gaskin v. Collins, 661 S.W.2d 865, 866 (Tenn. 1983)). For that reason the federal court concluded that the defendant's rights had been restored for § 921(a)(20) purposes at the time he possessed a firearm following his release. Id. at 756. The same reasoning underlies the decision in United States v. Meza-Corrales, 183 F.3d 1116 (9th Cir. 1999), which involved a defendant with an Arizona conviction. Arizona law, like Tennessee

7

law, provides for the automatic restoration of a convicted felon's rights. See id. at 1128 (citing Ariz. Rev. Stat. Ann. § 13-912, which generally and automatically restores to a felon "any civil rights which were lost or suspended by the conviction" after absolute discharge from imprisonment).

Alabama law, unlike Tennessee and Arizona law, does not provide for an automatic restoration of rights upon a felon's release from imprisonment. In order to obtain a restoration of rights in Alabama, a convicted felon must petition for it, and the Alabama Board of Pardons and Paroles has the authority to determine which, if any, rights will be restored. See Ala. Code § 15-22-36. Alabama law in that crucial respect is like Texas law, which brings us to the decision in United States v. Thomas, 991 F.2d 206 (5th Cir. 1993).

In Thomas the Fifth Circuit upheld a defendant's conviction under § 922(g)(1) even though his prior conviction was for a non-violent felony, and Texas law did not prohibit possession of a firearm by those convicted of non-violent felonies. Id. at 213–14. The court concluded that regardless of the defendant's right to bear arms under state law, he had lost other civil rights as a result of his felony conviction, and these rights had not been restored as required by § 921(a)(20). Id. at 214. The central holding is:

> If the felon has not "had civil rights restored," it simply does not matter what the state law provides concerning

8

possession of firearms. Therefore, only if we had found that Texas did restore Thomas's civil rights would we have needed to determine whether Texas expressly prohibited him from possessing firearms.

Id. at 215. Because Thomas' civil rights had not been restored, automatically or otherwise, his § 922(g)(1) conviction was affirmed. Id.

As our earlier discussion indicates, we agree with the Fifth Circuit that where civil rights have been lost under state law as a result of a felony conviction their restoration is necessary to trigger the application of § 921(a)(20). Id. This case does not require us to decide whether or how this restoration provision applies if no civil rights were lost to begin with. Nor does it require us to decide if all civil rights must be restored or merely some of them, and if only some, which ones, in order for § 921(a)(20) to preclude a convicted felon's prosecution under § 922(g)(1). See generally Caron v. United States, 524 U.S. 308, 316, 118 S. Ct. 2007, 2012 (observing that, for purposes of § 921(a)(20), "[r]estoration of the right to vote, the right to hold office, and the right to sit on a jury turns on so many complexities and nuances that state law is the most convenient source for definition"); United States v. Indelicato, 97 F.3d 627, 629 (1st Cir. 1996) (noting that "Congress has provided no definition of 'civil rights' or 'restored'" in § 921(a)(20), but the rights that it "and most courts describe as 'civil rights' under the statute [are] the rights to vote, to serve on a jury, and to hold public office");

9

McGrath, 60 F.3d at 1007 (describing the same rights, which "most states extend by virtue of citizenship within their borders," as the relevant civil rights under § 921(a)(20)); United States v. Cassidy, 899 F.2d 543, 549 (6th Cir. 1990) ("The fact that Congress used the term 'civil rights,' as opposed to 'all rights and privileges' . . . indicates that Congress intended to encompass those rights accorded to an individual by virtue of his citizenship in a particular state. These rights include the right to vote, the right to seek and hold public office and the right to serve on a jury.").

The way §§ 921(a)(20) and 922(g)(1) are written, it is enough for purposes of this decision that when Nix was caught with firearms in 2003 none of the civil rights he had lost as a result of his 1999 felony conviction had been restored.

Nix also raises a challenge to the search warrant that led to seizure of the firearms in this case, which we reject because the issue was not preserved by a pre-trial motion to suppress. See Fed. R. Cr. P. 12(b)(3)(C). He raises a claim that his trial counsel rendered ineffective assistance of counsel by failing to file a motion to suppress, which we deny without prejudice to renewal in a 28 U.S.C. § 2255 proceeding. See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) ("We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a

factual record.").  Finally, as his counsel conceded at oral argument, all of Nix's sentencing issues are moot for one reason or another.

AFFIRMED.