[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11119
Non-Argument Calendar
_____

D. C. Docket No. 05-00036-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO POU, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 8, 2006)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Rodolfo Pou, III, appeals his conviction for manufacturing and

possessing with intent to distribute, 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii). On appeal, he argues that the district court erred by not holding an evidentiary hearing, outside of the presence of the jury during trial, to determine the voluntariness of his confession. Pou objected to the introduction of his confession during trial, but, he concedes that he did not file a pre-trial motion to suppress.

Rule 12(b) provides that a motion to suppress evidence must be made before trial. Fed.R.Crim.P. 12(b)(3)(C). Thus, we have rejected claims covered by Rule 12(b) when the defendant failed to preserve them by filing a pre-trial motion to suppress. *See e.g.*, *United States v. Nix*, 438 F.3d 1284, 1288 (11th Cir. 2006). Rule 12(e) further provides that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed.R.Crim.P. 12(e). However, "[f]or good cause, the court may grant relief from the waiver." *Id.* We have stated that a "failure to present a suppression motion prior to trial constitutes waiver unless the district court grants relief for good cause shown." *United States v. Ford*, 34 F.3d 992, 994 n.2 (11th Cir. 1994). Although the district court may grant relief from the waiver for good cause shown, we have declined to address the element of "good cause" when the defendant did not request relief from the waiver. *See*

2

Fed.R.Crim.P. 12(e); *United States v. Suescun*, 237 F.3d 1284, 1287 n. 7 (11th Cir. 2001).

Because the record demonstrates that Pou failed to file a pre-trial motion to suppress his confession and did not even request relief from the district court for good cause shown, he has waived his arguments challenging the voluntariness of his confession. *See* Fed.R.Crim.P. 12(e) Accordingly, we decline to address the merits of Pou's claim and affirm his conviction.

**AFFIRMED.**