[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2008
THOMAS K. KAHN
CLERK

No. 06-15597
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-00023-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE EDWARD HOLSEY,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
----------------------------------------

**(February 8, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Clarence Edward Holsey appeals his conviction after a

jury found him guilty of (1) distribution of cocaine base, in violation of 21 U.S.C.

§ 841(a), (b)(1)(C); (2) possession with intent to distribute cocaine base, also in violation of § 841(a), (b)(1)(C); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). No reversible error has been shown; we affirm.

Holsey argues that when police officers entered his home and asked him about firearms, he was in custodial interrogation, and entitled to warnings pursuant to Miranda v. Arizona, 86 S.Ct. 1602 (1966). He also posits that the district court should have conducted an evidentiary hearing to determine whether his post-arrest statements were voluntary. He argues that the district court erred in summarily denying his motion to suppress because it limited the application of the exclusionary rule to tangible evidence and Fourth Amendment issues and did not consider the Fifth Amendment.

A motion to suppress evidence must be made before trial. Fed.R.Crim.P. 12(b)(3)(C). Failure to bring a motion to suppress certain evidence before trial, in the absence of good cause shown, constitutes waiver; and we will not consider the suppression claims on appeal. Fed.R.Crim.P. 12(e); see also United States v. Nix, 438 F.3d 1284, 1288 (11th Cir. 2006); United States v. Ford, 34 F.3d 992, 994 n.2 (11th Cir. 1994). We have declined to address the element of "good cause" when

a defendant did not request relief from the waiver. See United States v. Suescun, 237 F.3d 1284, 1287 n.7 (11th Cir. 2001).

Holsey filed a motion to suppress only the firearms seized from his residence on Fourth Amendment grounds. He did not move to suppress his statements made to police officers during the search on Fifth Amendment grounds, and he did not object to the admission of these statements at trial. So Holsey has waived his right to raise voluntariness and Miranda arguments on appeal. See Nix, 438 F.3d at 1288; Ford, 34 F.3d at 994 n.2. And because Holsey did not seek relief from the waiver, we do not address the merits of his arguments on appeal. See Suescun, 237 at 1287 n.7.[*]

Accordingly, because Holsey waived his right to challenge, on Fifth Amendment grounds, the voluntariness of his statements made to police officers by not moving to suppress the statements before trial, we do not address the merits of his present claims and affirm his conviction.

AFFIRMED.

---

[*]Even if Holsey had not waived his Fifth Amendment claims, he admitted in his motion to suppress that police officers gave him Miranda warnings after they entered his home. And the arresting officer gave uncontradicted testimony that he gave Holsey Miranda warnings before Holsey made a statement.

3