[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15033
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00021-CR-ORL-31KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY GARRETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 21, 2010)

Before EDMONDSON, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Tracy Garrett was indicted with six offenses arising out of two carjackings

that occurred on August 10, 2007, and August 17, 2007, and two bank robberies that occurred on those same dates. Counts One and Three charged Garrett with carjacking, in violation of 18 U.S.C. § 2119. Counts Two and Four charged him with bank robbery, in violation of 18 U.S.C. § 2113(a). Counts Five and Six charged him with knowingly using and carrying a firearm in furtherance of Counts One and Three, in violation of 18 U.S.C. § 924(c). Garrett pleaded guilty to both bank robbery charges and was convicted by a jury of the remaining counts. The district court imposed a total sentence of 480 months' imprisonment. He now appeals his convictions for the two counts of carjacking, and the two counts of using or carrying a firearm during the commission of a crime of violence.

## I.

First, Garrett argues, without citation to any authority, that the district court erred by denying his pretrial motion requesting severance of the counts of the indictment and four separate trials - one for each bank robbery charge and one for each carjacking and related firearm count. According to Garrett, separation of these counts was crucial for the jury to understand that there were two separate and distinct days of alleged criminal activity. He contends that the government improperly sought a single indictment for the sole purpose of prejudicing his right to a fair trial. Garrett further argues that, if the counts had been severed, the

government then would not have been permitted to seek a 25-year consecutive prison sentence on the second firearm count, and his sentence would have been significantly less than the 40-year imprisonment term that he received.

Having reviewed the record, we conclude that Garrett has not shown that he suffered actual or compelling prejudice from any alleged misjoinder that caused substantial and injurious effect or influence in determining the jury's verdict, against which the district court could offer no protection. Moreover, Garrett's contention that the government improperly charged the carjacking and firearm counts together is without merit, as that discretionary charging decision has no relevance to the issue of whether he ultimately received a fair trial. Finally, § 924(c)(1)(C)(I) and § 924(c)(1)(D)(ii) mandate a 25-year consecutive prison sentence for a "second or subsequent" § 924(c) conviction, even if the first § 924(c) conviction was obtained in a separate proceeding. Accordingly, the district court did not abuse its discretion in denying Garrett's motion to sever.

## II.

Garrett next contends that the district court erred by denying his motion to strike the entire jury venire due to the racial composition of that venire. Garrett points out that he is African-American, the alleged victims are Caucasian, and the entire petit jury was Caucasian. Garrett concedes that "there is no evidence in the

3

record to substantiate a claim of race bias," aside from the racial composition of the venire. According to Garrett, however, the district court should have, sua sponte, conducted a new voir dire process, resulting in a venire that better reflected the diverse racial makeup of the Orlando, Florida, community. However, Garrett failed to present an argument to the district court or to this court to support his claim. Accordingly, this claim is meritless.

### III.

Garrett contends that the district court erred by denying his untimely motion to suppress evidence from the search of the home where Garrett was hiding after the carjackings and bank robberies. Garrett argues, for the first time on appeal, that, during the eight-hour surveillance on that home, law enforcement had ample opportunity and time to apply for, and receive, a search warrant. Thus, due to the lack of a search warrant, Garrett argues that law enforcement violated his Fourth Amendment rights. Garrett contends that we should review his alleged constitutional violation under the *de novo* standard of review.

The government responds that we should not entertain Garrett's challenge to the district court's denial of his untimely motion to suppress. The government further points out that Garrett raises, for the first time on appeal, his claim that law enforcement had "ample time" to obtain a warrant, and thus, even if we choose to

entertain Garrett's challenge to the denial of his untimely suppression motion, that ruling should be reviewed only for plain error.

Federal Rule of Criminal Procedure 12(b) provides that a motion to suppress evidence must be made before trial. Fed.R.Crim.P. 12(b)(3)(C). We have rejected claims covered by Rule 12(b)(3)(C) when the defendant failed to preserve them by filing a pre-trial motion to suppress. *See e.g., United States v. Nix*, 438 F.3d 1284, 1288 (11th Cir. 2006). Rule 12(e) further provides that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed.R.Crim.P. 12(e). However, "[f]or good cause, the court may grant relief from the waiver," *id.*, and a "failure to present a suppression motion prior to trial constitutes waiver unless the district court grants relief for good cause shown," *United States v. Ford*, 34 F.3d 992, 994 n. 2 (11th Cir. 1994). However here, Garrett even failed to request relief from his waiver by showing any good cause. Thus, we decline to entertain this issue.

## IV.

Garrett contends that the district court erred by admitting, at trial, testimony under Federal Rule of Evidence 404(b) concerning the bank robbery charges because that evidence was not relevant to the carjacking and firearm charges, and

the probative value of such testimony was outweighed by the fact that it was not relevant.

Garrett further challenges the district court's admission of evidence of phone calls that he made from the jailhouse after his arrest, arguing, without citation to any authority, that the interception of those phone calls violated his constitutional rights to privacy and constituted an unreasonable seizure.

We review a district court's evidentiary rulings for an abuse of discretion, and will not reverse an evidentiary error "unless there is a reasonable likelihood that [it] affected the defendant's substantial rights." *United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010) (quotation omitted). Having reviewed the record, we cannot say that Garrett met his burden.

With reference to the jailhouse calls, the record shows that Garrett had neither a subjective, or objectively reasonable, expectation of privacy with regard to his calls from the jailhouse. Accordingly, his claim that the monitoring of these calls violated his constitutional rights is without merit. Furthermore, the statements that he made during the jailhouse calls strongly correlate to the testimony of the bank tellers and the carjacking victims, and therefore, Garrett's contention that this evidence was unreliable is without merit.

6

# V.

Finally, Garrett argues that the district court erred by denying his motion for judgments of acquittal because the government failed to prove that he had the requisite specific intent to cause death or serious bodily harm to the victims during the carjackings. Garrett points out that, if the court had granted his motion for judgments of acquittal as to the carjacking charges, then the firearms charges under § 924(c) also would have been dismissed. Garrett also argues, for the first time on appeal, that the evidence did not support the firearms charges because there was insufficient proof that he used or possessed a firearm in connection with the carjacking charges.

Judging the evidence objectively, and considering what a reasonable person in the victims's positions might conclude, we hold that the evidence was sufficient for the jury to conclude that Garrett had the requisite intent to kill or seriously harm the victims, if necessary, in order to steal their car. Moreover, there was sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt that the device that Garrett carried and used during the carjackings was a firearm.

**AFFIRMED.**